United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COUNCIL 16 NORTHERN
CALIFORNIA HEALTH AND WELFARE
TRUST FUND, et al.,

　　　　　Plaintiffs,

　　　v.

GREATER BAY FLOORING, INC.,

　　　　　Defendant.

Case No. 21-cv-02976-PJH

**ORDER GRANTING MOTION FOR
DEFAULT JUDGMENT**

Re: Dkt. No. 24

　　　　Before the court is plaintiffs' motion for default judgment.  The matter is fully

briefed and suitable for decision without oral argument.  Having read the parties' papers

and carefully considered their arguments and the relevant legal authority, and good

cause appearing, the court rules as follows.

**A.　　Background**

　　**i.　　Factual History**

　　　　This case is an enforcement action under the Employee Retirement Income

Security Act of 1974 ("ERISA").  Compl. (Dkt. 1) ¶ 3.  Plaintiffs are employee benefit

funds and their trustees.  Id. ¶ 1.  The District Council 16 Northern California Health and

Welfare Trust Fund ("Health Fund"), the District Council 16 Northern California

Journeyman and Apprentice Training Trust Fund ("Apprentice Fund"), the Resilient Floor

Covering Pension Fund, and the Central Coast Counties Floor Covering Industry Pension

Fund (collectively the "Pension Funds") are employee benefit plans as defined by ERISA

§ 3(3), 29 U.S.C. § 1002(3).  Id.  Robert Williams and John Maggiore are trustees and

fiduciaries of the Health Fund.  Id.  Robert Williams and Jeannie Simpelo are trustees

1   and fiduciaries of the Apprentice Fund.  Id.  Tom Cuddie is a trustee and fiduciary of the

2   Pension Funds.  Id.  District Council No. 16 of the International Union of Painters and

3   Allied Trades ("Union") is a labor organization as defined in § 2(5) of the National Labor

4   Relations Act ("NLRA"), 29 U.S.C. § 152(5).  Id. ¶ 2.  The Union is a member of this suit

5   with respect to collecting union dues as part of the contribution claims.  Id.  All of the

6   above are referred to as "plaintiffs."

7       Defendant Greater Bay Flooring, Inc. is a California corporation and an employer

8   by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).  Id.

9   ¶ 3.

10      Plaintiffs filed their complaint against defendant on April 23, 2021.  Id.  Plaintiffs

11  allege that defendant entered into a bargaining agreement—the Northern California Floor

12  Covering Master Agreement—with the Union and the Floor Covering Association Central

13  Coast Counties which requires employer contributions to plaintiffs' ERISA funds, union

14  dues, and to other benefit plans.  Id. ¶ 10.  Plaintiffs allege defendant has failed and

15  refused to comply with an audit of their payrolls from October 1, 2017 to the present.  Id.

16  ¶ 14.  Plaintiffs further allege defendant failed to report and pay contributions for hours

17  worked by their employees during the month of February 2021.  Id. ¶¶ 15–16.

18      Plaintiffs raise a single cause of action for audit compliance, payment of delinquent

19  contributions, interest, liquidated damages, attorneys' fees, and costs.  Id. at 5.  Plaintiffs

20  allege that defendant has a contractual duty to timely pay the required contributions to

21  plaintiffs' respective plans, and defendant has a duty to permit an audit.  Id. ¶ 18.

22  Plaintiffs further allege that defendant has a statutory duty to timely make required

23  payments to plaintiffs under ERISA.  Id. ¶ 19.  Plaintiffs assert that defendant is in breach

24  of its contractual and statutory duties.  Id. ¶¶ 21–22.

25      Plaintiffs seek injunctive relief, alleging they are without an adequate remedy at

26  law and will suffer irreparable injury.  Id. ¶ 23.  Plaintiffs provide an extensive prayer for

27  relief including an order requiring defendant to permit an audit of its records and a

28  judgment against defendant for any unpaid contributions.  Id. at 6.

United States District Court
Northern District of California

United States District Court
Northern District of California

### ii.    Procedural History

Plaintiffs filed their complaint against defendant on April 23, 2021.  Dkt. 1.  On April 27, 2021, a summons was issued to defendant.  Dkt. 7.  The summons was returned executed on July 14, 2021.  Dkt. 11.  On August 3, 2021, plaintiffs moved for entry of default against defendant.  Dkt. 13.  On August 8, 2021, default was declined.  Dkt. 17.  On September 15, 2021, plaintiffs moved again for an entry of default.  Dkt. 18.  Default was entered against defendant on September 20, 2021.  Dkt. 19.  The certificate of service was issued on the same day.  Dkt. 20.  Plaintiffs moved for default judgment on January 6, 2022.  Dkt. 24.  Defendant was served this motion on January 6, 2022, January 7, 2022, and January 25, 2022.  Dkt. 29, 32, 35.

## B.    Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply for a default judgment against a defendant who has failed to plead or otherwise defend an action.  See Ceres Imaging, Inc. v. S.C.A.L.E. AG Servs., LLC, No. 20-CV-06407-LB, 2021 WL 4467588, at *2 (N.D. Cal. Jan. 28, 2021).  "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  Id. at *3 (internal quotation marks omitted).  The decision to grant or deny a default judgment is within the court's discretion.  See Draper v. Coombs, 792 F.2d 915, 925 (9th Cir. 1986).

Before entering a default judgment, a court must determine whether it has subject matter and personal jurisdiction.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).  A court must also ensure that the defendant was adequately served.  See Timbuktu Educ. v. Alkaraween Islamic Bookstore, No. C 06–03025 JSW, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007).

In deciding whether to enter a default judgment, a court considers "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

1   decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

2       A court "is not required to make detailed findings of fact" in deciding a motion for

3   default judgment. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

4   "With respect to the determination of liability and the default judgment itself, the general

5   rule is that well-pled allegations in the complaint regarding liability are deemed true." Id.

6       The discretionary decision to award fees has traditionally been governed by these

7   five factors: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability

8   of the opposing parties to satisfy an award of fees; (3) whether an award of fees against

9   the opposing parties would deter others from acting under similar circumstances; (4)

10  whether the parties requesting fees sought to benefit all participants and beneficiaries of

11  an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the

12  relative merits of the parties' positions." Hummell v. S. E. Rykoff & Co., 634 F.2d 446,

13  453 (9th Cir. 1980).

**C.    Discussion**

   **i.    Jurisdiction and Service of Process**

       **1.    Subject Matter Jurisdiction and Personal Jurisdiction**

17      A court has a duty to examine both subject matter and personal jurisdiction when

18  default judgment is sought against a non-appearing party. See In re Tuli, 172 F.3d at

19  712.

20      The court has subject matter jurisdiction over this matter because plaintiffs bring a

21  federal cause of action. Plaintiffs assert claims to enforce the term of their plans and to

22  enforce provisions of ERISA, 29 U.S.C. § 1132(a). Jurisdiction also exists under LMRA §

23  301, 29 U.S.C. § 185(c). The court also has personal jurisdiction over defendant

24  pursuant to ERISA section 502(e)(2), which provides that an action may be brought

25  against a defendant "where the plan is administered, where the breach took place, or

26  where a defendant resides or may be found, and process may be served in any other

27  district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The

28  principal offices of the funds are in Dublin, County of Alameda, and defendant is a

United States District Court
Northern District of California

4

California corporation.  Hallmon Decl. ISO Mot. for Default J. (Dkt. 26) ¶ 2.

### 2.    Service of Process

A court must also assess whether the defendant against whom default judgment is sought was properly served with notice of the action.  See Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008).  Here, defendant has been served the summons (Dkt. 11), notice of entry of default (Dkt. 20), and plaintiffs' motion for default judgment (Dkt. 35).

### ii.    Default Judgment

After entry of default, a court may grant default judgment on the merits of the case. Fed. R. Civ. P. 55.  "The district court's decision whether to enter a default judgment is a discretionary one," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), guided by the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471–72.

Here, the Eitel factors weigh in favor of granting default judgment.

### 1.    Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiffs will suffer prejudice.  Here, because defendant did not respond to plaintiffs' complaint, plaintiffs' only recourse is a default judgment.  Thus, this factor weighs in favor of default judgment.

### 2.    Merits of Plaintiffs' Claims & Sufficiency of Complaint

The second and third factors, often analyzed together, require the plaintiff "to plead facts sufficient to establish and succeed upon its claims."  Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1055 (N.D. Cal. 2010).  After entry of default, the factual allegations in the complaint related to liability are accepted as true and deemed admitted.  See Fair Hous. of Marin, 285 F.3d at 906.  "The district court is not

United States District Court
Northern District of California

1    required to make detailed findings of fact." Id.

2         "ERISA requires employers to contribute to employee benefit plans in accordance

3    with the terms of collectively bargained agreements." Trustees of Screen Actors Guild-

4    Producers Pension & Health Plans v. NYCA, Inc., 572 F.3d 771, 774 (9th Cir. 2009)

5    (citing 29 U.S.C. § 1145). As such, plaintiffs must prove the following: (1) the trusts are

6    multiemployer plans as defined by 29 U.S.C. § 1002(37); (2) the collective bargaining

7    agreement obligated defendant to make contributions; and (3) defendant did not make

8    the required contributions. See, e.g., 29 U.S.C. § 1145; Bd. of Trs. of the Sheet Metal

9    Workers Health Care Plan of N. Cal. v. Gervasio Env't Sys., No. C 03–4858 WHA, 2004

10   WL 1465719, at *2 (N.D. Cal. May 21, 2004).

11        Plaintiffs' complaint states a cognizable claim for relief. Plaintiffs are multi-

12   employer benefit plans as defined by ERISA, and the Union is a labor organization as

13   defined in the NLRA. Dkt. 1 ¶¶ 1, 2. Defendant is an "employer" as defined under ERISA

14   and the NLRA. Id. ¶ 3. Defendant is also bound by the bargaining agreement. Id.

15   Plaintiffs allege defendant was required to maintain time records and to submit to an

16   audit so plaintiffs can determine whether defendant was making full and timely payments

17   of all required amounts. Id. ¶¶ 14–15. Plaintiffs further allege that defendant failed to

18   comply with an audit of their records for the period from October 1, 2017 to present, and

19   that plaintiffs are entitled to recover unpaid contributions found through an audit, as well

20   as liquidated damages and interest on delinquent contributions. Id.

21        Pursuant to the terms of the bargaining agreement, and ERISA § 502(g), 29

22   U.S.C. 1132(g)(2), defendant is liable for any unpaid contributions, liquidated damages of

23   twenty percent, interest of five percent, audit fees, and reasonable attorneys' fees and

24   costs. Christophersen Decl. ISO Mot. for Default J. (Dkt. 27) ¶¶ 6–13. Plaintiffs submit

25   evidence demonstrating that defendant failed to comply with the audit of its records for

26   the period from October 1, 2017 to the present. Id. ¶ 13. Evidence shows that plaintiffs

27   made multiple efforts to reach out to defendant regarding the audit, and that defendant

28   did not respond. Id. ¶ 10–11. Plaintiffs incurred $6,503.39 in attorneys' fees and costs.

Id. ¶ 9.

Taking the allegations in the complaint as true, and as supported by evidence, plaintiffs have made a strong showing of likelihood of success on the merits. Therefore, the second and third Eitel factors weigh in favor of granting plaintiffs' motion for default judgment.

### 3.   Money at Stake

The fourth factor considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Eitel, 782 F.2d at 1471–72. Although plaintiffs seek injunctive relief in the form of a court-ordered audit, they also seek to recover the monetary amount of $6,503.39 which represents $5,368.00 in attorneys' fees and $1,135.39 in costs. These fees and costs are authorized by both 29 U.S.C. § 1132 and the bargaining agreement. See Northwest Administrators, Inc. v. Albertsons, Inc., 104 F.3d 253, 257–58 (9th Cir. 1996). Thus, the sum of money at stake is appropriate and weighs in favor of granting default judgment.

### 4.   Possibility of a Dispute Concerning Material Facts

The fifth factor considers the possibility of a dispute of material fact. Eitel, 782 F.2d at 1471–72. But there is no indication that the material facts are in dispute, and the well-pleaded allegations in the complaint as to liability are deemed admitted. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Thus, this factor weighs in favor of default judgment.

### 5.   Excusable Neglect

"This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Defendant was served with the summons and complaint on July 14, 2021. Dkt. 11. Plaintiffs notified defendant of the entry of default on September 20, 2021, and defendant was served this motion on January 6, 2022, January 7, 2022, and January 25, 2022. Dkt. 20, 29, 32, 35. As such, defendant was made aware of this suit, making this factor weigh

7

in favor of default judgment.

### 6.    Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.  But defendant's failure to respond to plaintiffs' complaint "makes a decision on the merits impractical, if not impossible." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Accordingly, this factor weighs in favor of granting default judgment.

* * *

In sum, all seven Eitel factors weigh in favor of granting default judgment.

### iii.    Relief

Once liability is established through a defendant's default, plaintiffs are required to establish that the requested relief is appropriate.  See Geddes, 559 F.2d at 560 ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Under ERISA, plaintiffs that obtain a judgment in their favor in an action for unpaid contributions under § 1145 are entitled to the unpaid contributions, interest, liquidated damages, reasonable attorneys' fees and costs, and other legal or equitable relief as the court deems appropriate.  29 U.S.C. § 1132(g)(2).  Here, plaintiffs seek an order requiring that defendant report and pay contributions for hours worked by its employees in February 2021, and that defendant comply with an audit of its payrolls for the period from October 1, 2017 to the present.  No actual sums owed are yet provided by plaintiffs, as the outstanding amounts, if any, can only be ascertained by audit.  Thus, for purposes of this motion, the unpaid contributions, interest and liquidated damages available should the audit reflect they are warranted, must be deferred until such time they can be ascertained.

Plaintiffs also seek $5,368 for attorneys' fees and $1,135.39 for costs already incurred.  The court examines the five Hummel factors when awarding discretionary fees.  See Hummell, 634 F.2d at 453.  Such factors weigh in favor of an award to

8

plaintiffs. First, plaintiffs alleged that defendant failed to participate in plaintiffs' audit despite multiple efforts by plaintiffs to obtain that participation. See Villasenor v. Cmty. Child Care Council of Santa Clara Cty., Inc., No. 18-CV-06628-BLF, 2021 WL 242924, at *6 (N.D. Cal. Jan. 25, 2021) ("A losing defendant in an ERISA case is generally regarded as culpable for their conduct because a losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a benefit plan and violating a Congressional mandate") (internal quotation marks omitted). Second, plaintiffs believe defendant has the ability to satisfy the fee award. Third, the award of fees and costs against defendant would deter other employers from failing to comply with plaintiffs' request to report and pay fringe benefit contributions as required. Fourth, plaintiffs' request for fees benefits all participants and beneficiaries of the benefits plans because the fees enabled counsel to enforce the plans. Fifth, defendant failed to respond to numerous requests from plaintiffs to obtain defendant's audit compliance.

Section 1132(g) authorizes attorneys' fees under ERISA, but they must be reasonable. See Kemmis v. McGoldrick, 706 F.2d 993, 997–98 (9th Cir. 1983). Plaintiffs' counsel in this action charged the following hourly billing rates: $250 for the shareholder attorney, $245 for an associate attorney, and $145 for a paralegal. Dkt. 26 ¶ 16. The reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. An hourly rate of $650 for lead counsel and $190 for senior paralegals has been found to be reasonable for Bay Area ERISA specialists. Villasenor, 2021 WL 242924 at *8; see Echague v. Metro Life Ins. Co., 69 F. Supp. 3d 990, 996–97 (N.D. Cal. 2014) (finding $650 for lead counsel, $250 for associates, and $135 for paralegals was reasonable for ERISA legal professionals in the Bay Area). Here, the billing rates of plaintiffs' attorneys and paralegals fall below or are comparable to rates that other courts have found to be reasonable for ERISA work in this area. Therefore, the rates charged by plaintiffs' attorneys are reasonable. Moreover, plaintiffs' counsel spent 29.8 hours on this matter, most of which was paralegal time. This is a reasonable amount of time for an ERISA matter. As for costs, plaintiffs request $1,135.39 for the

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

complaint filing fee, service of process, and legal research.  Dkt. 26-5 at 8.  Because such costs are considered reasonable litigation expenses, plaintiffs are entitled to the requested amount.

## CONCLUSION

The court GRANTS plaintiffs' motion for default judgment.  Thus, the hearing scheduled for March 10, 2022 is VACATED.  By separate judgment, the court orders defendant to comply with its audit obligations to commence within 30 days of the date of this order.  The court also enters judgment for the amount of attorneys' fees and cost incurred by plaintiffs to obtain this judgment.  Plaintiffs may seek to amend this order and judgment upon a proper showing should the audit reveal that amounts are owed for unpaid contributions, interest, liquidated damages and further fees and costs.

**IT IS SO ORDERED.**

Dated: March 8, 2022

_/s/ Phyllis J. Hamilton_____
PHYLLIS J. HAMILTON
United States District Judge